1

2

3

4                       UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
5                            AT TACOMA

6    ERIN TURLEY,

7                              Plaintiff,          Case No. 3:14-cv-05424-KLS

8          v.                                      ORDER AFFIRMING DEFENDANT'S
                                                   DECISION TO DENY BENEFITS
9    CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
10
                               Defendant.
11

12
           Plaintiff has brought this matter for judicial review of defendant's denial of her
13
     applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant
14
     to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties
15
     have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing
16
     the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth
17
     below, defendant's decision to deny benefits should be affirmed.
18
19                          FACTUAL AND PROCEDURAL HISTORY
20
           On October 17, 2011, plaintiff filed an application for disability insurance benefits and
21
     another one for SSI benefits, alleging in both applications she became disabled beginning
22
     November 30, 2009. *See* Dkt. 12, Administrative Record ("AR") 25. Both applications were
23
     denied upon initial administrative review on December 28, 2011, and on reconsideration on
24
     March 8, 2012. *See id.* A hearing was held before an administrative law judge ("ALJ") on
25
     August 14, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a
26
     ORDER - 1

1  vocational expert. *See* AR 45-87.

2      In a decision dated November 29, 2012, the ALJ determined plaintiff to be not disabled.

3  *See* AR 25-38. Plaintiff's request for review of the ALJ's decision was denied by the Appeals

4  Council on February 24, 2014, making that decision the final decision of the Commissioner of

5  Social Security (the "Commissioner"). *See* AR 5; 20 C.F.R. § 404.981, § 416.1481. On June 4,

6
7  2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final

8  decision. *See* Dkt. 5. The administrative record was filed with the Court on August 14, 2014. *See*

9  Dkt. 12. The parties have completed their briefing, and thus this matter is now ripe for the

10  Court's review.

11      Plaintiff argues defendant's decision to deny benefits should be reversed and remanded

12  for further administrative proceedings because the ALJ erred: (1) in rejecting the opinion of

13  Hector Reyes, M.D.; (2) in assessing plaintiff's residual functional capacity; and (3) in finding
14

15  plaintiff to be capable of performing other jobs existing in significant numbers in the national

16  economy. For the reasons set forth below, however, the Court disagrees that the ALJ erred as

17  alleged, and therefore finds defendant's decision to deny benefits should be affirmed.

18                                    DISCUSSION

19      The determination of the Commissioner that a claimant is not disabled must be upheld by
20

21  the Court, if the "proper legal standards" have been applied by the Commissioner, and the

22  "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*,

23  785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*,

24  359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991)

25  ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal

26  standards were not applied in weighing the evidence and making the decision.") (citing *Brawner*

ORDER - 2

*v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.      The ALJ's Rejection of Dr. Reyes's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v.*

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

*Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining

whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

"must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

"logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

only be rejected for specific and legitimate reasons that are supported by substantial evidence in

the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or

her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation

omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence

has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield

v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of

those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need

not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

ORDER - 4

1    inadequately supported by clinical findings" or "by the record as a whole." *Batson v.*

2    *Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); s*ee also Thomas v.*

3    *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th

4    Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a

5    nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may

6    constitute substantial evidence if "it is consistent with other independent evidence in the record."

7    *Id.* at 830-31; *Tonapetya*n, 242 F.3d at 1149.

8

9          In reagard to the medical opinion evidence in the record, the ALJ found in relevant part:

10         In a July 2012 letter, Hector Reyes MD, the claimant's treating primary care
           physician, noted the following (15F):

11

12                   This is to certify [plaintiff] is being seen by this clinic for chronic pain
                     related to recent surgical revision of neck instrumentation. Because of
13                   her condition which is deemed to be permanent and disabling, she is
                     unable to be gainfully employed as she is incapable of performing
14                   even sedentary work, standing or walking up to 2 out of 8 hours or
                     sitting to 6 out of 8 hours, not able to lift 10 pounds consistently. She
15                   also has agoraphobia with panic disorder and has difficulty dealing
                     with groups of people.
16

17         [The claimant] has a treating relationship with Dr. Reyes, but this opinion is
           not well supported. He gave this opinion only two months after the claimant
18         had her 2012 neck surgery. He did not give a basis for restrictions from this
           surgery lasting for a continuous period of at least 12 months. He did not give
19         clinical findings to support his opinion, and his treatment notes do not reflect
           clinical findings to support a conclusion that the claimant would be unable to
20         sustain sedentary work. In addition, his opinion is inconsistent with the
           November 2011 opinion from Dr. [William J.] Morris[, M.D.,] who treated
21         the claimant and is a specialist. It also is inconsistent with the claimant's July
           2012 report to Dr. Morris that her, " . . . postoperative symptoms have settled
22         down compared to her pervious visit. She is not having much in the way of
           residual arm pain symptoms." (16F3). Finally, this opinion is inconsistent
23         with the claimant's daily activities, which include preparing meals and
           playing the clarinet. For these reasons, I give Dr. Reyes's opinion little
24         weight.

25

26   AR 35. Plaintiff argues these are not legally valid reasons for rejecting Dr. Reyes's opinion. The

     ORDER - 5

1  Court disagrees.

2      First, as noted by the ALJ, Dr. Reyes did not provide an objective clinical basis for his

3  opinion. *See* AR 626; *Batson*, 359 F.3d at 1195 (ALJ need not accept opinion of treating

4  physician if it is inadequately supported by clinical findings). Plaintiff argues the opinion of Dr.

5  Reyes is supported by the MRI and other electro-diagnostic studies in the record. The studies

6  plaintiff cites, however, fail to establish the actual existence of significant *functional limitations*,

7  though they do show the existence of back-related impairments. *See* Dkt. 15, pp. 10-11 (citing

8  AR 320-21, 376, 392). In addition, Dr. Reyes did not point to any of those studies to support his

9  opinion (*see* AR 626), and none of Dr. Reyes's treatment records provide such support. *See* AR

10  353-61, 455-57, 463-67, 488-92, 499-504, 511-14, 516-19.

11      The ALJ also did not err in relying on plaintiff's own report of improved symptoms made

12  to Dr. Morris to reject the opinion of Dr. Reyes. *See* AR 629; *Magallanes*, 881 F.2d at 754 (ALJ

13  properly rejected physician's opinion in part on basis that it conflicted with plaintiff's own

14  subjective pain complaints). Nor does plaintiff challenge the ALJ's reliance on the evidence in

15  the record overall concerning plaintiff's daily activities as an additional reason for rejecting that

16  opinion. *See Morgan*, 169 F.3d at 601-02 (upholding rejection of physician's opinion that

17  claimant suffered from marked limitations in part based on claimant's reported activities of daily

18  living contradicted that conclusion);.

19  II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

20      Defendant employs a five-step "sequential evaluation process" to determine whether a

21  claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

22  disabled or not disabled at any particular step thereof, the disability determination is made at that

23  step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be

ORDER - 6

made on the basis of medical factors alone at step three of that process," the ALJ must identify

the claimant's "functional limitations and restrictions" and assess his or her "remaining

capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184

*2. A claimant's residual functional capacity ("RFC") assessment is used at step four to

determine whether he or she can do his or her past relevant work, and at step five to determine

whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her

limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all

of the relevant evidence in the record. *See id.* However, an inability to work must result from the

claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those

limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

medical or other evidence." *Id.* at *7.

The ALJ in this case assessed plaintiff with the residual functional capacity:

> **. . . to perform sedentary work . . . except that the claimant can stand**
> **and/or walk for a total of about 4 hours in an 8-hour workday. She can**
> **only occasionally stoop and crawl, and occasionally climb ramps, stairs,**
> **ladders, ropes and scaffolds. She can perform occasional overhead**
> **reaching with the right upper extremity, frequent overhead reaching with**
> **the left upper extremity, and frequent handling and fingering bilaterally.**
> **She should avoid concentrated exposure to excessive vibration and to**
> **workplace hazards such as dangerous machinery and unprotected**
> **heights. Her work would be limited to simple tasks, and only occasional**
> **and superficial interaction with the public.**

AR 31 (emphasis in original). Plaintiff argues the ALJ erred in assessing the above RFC in light

of the ALJ's failure to properly reject the opinion of Dr. Reyes. But as discussed above the ALJ

did not so err, and therefore she did not err in assessing plaintiff's RFC.

ORDER - 7

1    III.    The ALJ's Step Five Determination

2          If a claimant cannot perform his or her past relevant work, at step five of the disability

3    evaluation process the ALJ must show there are a significant number of jobs in the national

4    economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999);

5    20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a

6    vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids").

7    *Tackett*, 180 F.3d at 1100-1101; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000).

8          An ALJ's findings will be upheld if the weight of the medical evidence supports the

9    hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987);

10   *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony

11   therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See

12   *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the

13   claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.*

14   (citations omitted).  The ALJ, however, may omit from that description those limitations he or

15   she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

16         At the hearing, the ALJ posed a hypothetical question to the vocational expert containing

17   substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual

18   functional capacity. *See* AR 81-82. In response to that question, the vocational expert testified

19   that an individual with those limitations – and with the same age, education and work experience

20   as plaintiff – would be able to perform other jobs. *See* AR 81-84. Based on the testimony of the

21   vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in

22   significant numbers in the national economy. *See* AR 37-38. As with the ALJ's assessment of

23   plaintiff's residual functional capacity, plaintiff argues the ALJ erred here because of the ALJ's

ORDER - 8

1  failure to properly reject the opinion of Dr. Reyes. Again, however, because the ALJ committed

2  no error in regard thereto, the ALJ's step five determination is without error as well.

3                                                CONCLUSION

4          Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded

5  plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

6          DATED this 24th day of February, 2015.

7

8

9

10                                              Karen L. Strombom
                                                United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 9